## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DONALD G. SMITH, JR.,                Case No. 1:22-cv-690
      Plaintiff,

                                   McFarland, J.
    vs.                        Litkovitz, M.J.

CITY OF HAMILTON, OHIO, *et al.*,    **ORDER AND REPORT**
      Defendants.              **AND RECOMMENDATION**

Plaintiff, a resident of Hamilton, Ohio, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 3). Plaintiff names as defendants the City of Hamilton, Ohio and Hamilton police officer John Ebbing. (*Id.*). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

### Screening of Complaint

#### A.    Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see*

*also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).   A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.   *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).   An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.   *Neitzke,* 490 U.S. at 327.   An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."   *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.   The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.   *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.   28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).   By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.    Plaintiff's Complaint**

Plaintiff's complaint alleges the following. On October 8, 2022, he was a bystander at an active crime scene that had been taped off by Hamilton City police. Plaintiff started walking down the outside of the tape when he was approached by defendant Officer Ebbing. Officer Ebbing began "screaming" at plaintiff and got within inches of his face. Plaintiff told Ebbing, "Stop screaming in my face, servant." (Doc. 3 at PAGEID 25). Plaintiff turned to walk away when Ebbing "violently" grabbed plaintiff from behind. Ebbing twisted plaintiff's arms behind his back, re-injuring a previous arm and shoulder injury; grabbed plaintiff's cell phone and turned it off; and slammed plaintiff against a police car. Ebbing screamed at plaintiff again, telling him he must do everything police tell him. Plaintiff states at the time of the incident, he was exercising his First Amendment rights and notified Ebbing of this fact. Plaintiff also states that Officer Ebbing seized plaintiff and his property "without cause." (*Id*. at 8). When plaintiff

advised Ebbing he was going to file a complaint against him, Ebbing threatened to cite plaintiff. Plaintiff states he led Ebbing to believe he would not file a complaint out of fear of retaliation by Ebbing.   Plaintiff alleges the "City of Hamilton failed to properly train an agent of their City, they give authority to make legal decisions on their behalf, and incarcerate on their behalf." (*Id.*).   As relief, plaintiff seeks $160,000 in damages and re-education of the police department on civil rights.   (*Id*. at PAGEID 7).

     **C.**    **Resolution**

At this stage in the proceedings, without the benefit of briefing by the parties to this action and construing plaintiff's pro se complaint liberally, the undersigned concludes that the complaint is deserving of further development and may proceed at this juncture against defendant Ebbing in his individual capacity for claims of false arrest, excessive use of force, and alleged deprivation of plaintiff's First Amendment right to film police officers performing their official duties and to petition the government to redress a grievance.   However, plaintiff's complaint in all other respects should be dismissed.

The complaint should be dismissed against defendant Hamilton, Ohio and against defendant Ebbing in his official capacity.   First, plaintiff has failed to allege that his rights were violated by a custom or policy of the City of Hamilton as would be required to hold these defendants liable in an official capacity.   *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978).

Second, plaintiff's assertion that the City of Hamilton "failed to properly train an agent of their city" is the type of legal conclusion couched as a factual allegation that does not pass muster under *Twombly* or *Iqbal*.   "A failure-to-train claim . . . requires a showing of prior

instances of unconstitutional conduct demonstrating that the [municipality] ha[d] ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (internal quotations marks and citations omitted).   The complaint fails to cite a single prior instance or statistic in support of this claim.

Because there are no factual allegations that would "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, plaintiff's conclusory allegation of a claim that the City of Hamilton failed to train its officers, including defendant Ebbing, without more, fails to state a claim for relief under § 1983.   Although pro se complaints are held to less stringent standards than complaints prepared by an attorney, a complaint cannot rest on bare assertions of legal conclusions or personal opinions.   *Twombly*, 550 U.S. at 555.   Plaintiff's assertions are much too conclusory to permit the Court to draw the reasonable inference that the City of Hamilton is liable for the specific instances of misconduct alleged in the complaint.   *See Twombly*, 550 U.S. at 556.

Finally, plaintiff alleges a federal claim for a denial of his property (his cell phone) without due process of law.   However, before plaintiff may challenge the alleged deprivation of his personal property in federal court, plaintiff must first "plead . . . that state remedies for redressing the wrong are inadequate."   *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). *See also Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).   "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury."   *Jefferson v. Jefferson Cty. Pub. Sch. Sys.*, 360 F.3d

5

583, 587-88 (6th Cir. 2004). A plaintiff "may not seek relief under [42 U.S.C. §] 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Id.* at 588. Plaintiff has failed to sufficiently plead that the post-deprivation tort remedies available to him under Ohio law are inadequate to adjudicate his property-loss claim. *See Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534-36) ("State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses."). Therefore, plaintiff's claim that defendant Ebbing violated his Fourteenth Amendment due process rights by seizing his phone should be dismissed.

Accordingly, in sum, plaintiff may proceed at this juncture with his claims against defendant Ebbing in his individual capacity for false arrest, excessive use of force, and alleged deprivation of plaintiff's First Amendment right to film police officers performing their official duties and to petition the government to redress a grievance. However, for the above-stated reasons, plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B), **with the exception of** plaintiff's claims against defendant Ebbing in his individual capacity for false arrest, excessive use of force, and alleged deprivation of plaintiff's First Amendment right to film police officers performing their official duties and to petition the government to redress a grievance.

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the Order granting plaintiff *in forma pauperis* status, and this Order and Report and Recommendation

6

upon defendant Ebbing as directed by plaintiff, with costs of service to be advanced by the United States.

2.   Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.   Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendant's counsel.   Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3.   Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date:   12/8/2022

Karen L. Litkovitz
United States Magistrate Judge

7

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DONALD G. SMITH, JR.,               Case No. 1:22-cv-690
      Plaintiff,

                                    McFarland, J.
     vs                          Litkovitz, M.J.

CITY OF HAMILTON, OHIO, *et al.*,
      Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.    This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).