**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| <u>Donald G. Smith, Jr.</u> , | : | Case No. 1: <u>22</u> -cv-<u>690</u> |
| | : | |
| Plaintiff(s), | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| City <u>of Hamilton, Ohio</u>, *et al.*, | : | |
| | : | |
| Defendant(s). | : | |
| | : | |

_____

**JOINT DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)**

_____

All parties to this case, by and through their respective counsel, jointly submit this Joint Discovery Plan pursuant to Fed. R. Civ. P. 26(f) and the Court's Standing Order Regarding Procedures in Civil Cases.  The parties held their discovery conference on <u>January 29</u> , 20<u>23</u>.

**A.**  **MAGISTRATE CONSENT**

The parties:

☐ Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c).

☒ Do not unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. 636(c).

☐ Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) solely for purposes of deciding the following pretrial motions dispositive motions: _____
_____
_____.

☐ Unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) for trial purposes only if the District Judge assigned is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

**B.**    **RULE 26(a) DISCLOSURES**

☐ The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).

☒ The parties will exchange such disclosures by  February 24, 2023      .

☐ The parties are exempt from disclosures under Rule 26(a)(1)(E).

**NOTE**:  Rule 26(a) disclosures are **NOT** to be filed with the Court.

**C.**    **DISCOVERY ISSUES AND DATES**

**1.**   Discovery will need to be conducted on the issues of

The nature and basis for the Plaintiff's claims as set forth in the Complaint,

Plaintiff's alleged damages, and the claims and defenses of the Defendant.

_____

_____

**2.**   The parties recommend that discovery

☒  need not be bifurcated.

☐  Should be bifurcated between liability and damages.

☐  Should be bifurcated between factual and expert.

☐  Should be limited to or focused upon issues relating to
_____.

**3.**   Disclosure and report of Plaintiff(s) expert(s) by  June 23, 2023      .

**4.** Disclosure and report by Defendant(s) expert(s) by  July 24, 2023             .

**5.** Disclosure and report of rebuttal expert(s) by  August 24, 2023           .

**6.** Disclosure of non-expert (fact) witnesses by  June 30, 2023            .

**7.** Discovery cut-off  September 25, 2023           .

**8.** Anticipated discovery problems

☐  _____

_____

_____

☒  None.

**9.** Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial:

Nature and basis for the claims set forth in the Plaintiff's Complaint, Plaintiff's alleged damages, and the claims and defenses asserted by the Defendant.

**10. Discovery of Electronically Stored Information**.  The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

☐  Yes

☒  No

3

      **i.** The parties have electronically stored information in the following formats:

Native, load files, and image files.

_____

_____

      **ii.** The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

None. The Parties may choose the format of their document productions, but neither party waives

their right to seek original form, if necessary

_____

_____

**11. Claims of Privilege or Protection.** The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

      ☐ Yes

      ☒ No

      **i.** The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

N/A

_____

_____

_____

4

      ii.  Have the parties agreed on a procedure to assert such claims

           AFTER production?

              ☒ No

              ☐ Yes

              ☐ Yes, and the parties ask that the Court include the
following agreement in the scheduling order:

_____

_____

_____

**D.**    **LIMITATIONS ON DISCOVERY**

    1.  Change in the limitations on discovery

        ☐ Increase the amount of time (currently 1 day of 7 hours) permitted
in which to complete depositions to _____.

        ☐ Increase the number of depositions (currently 10) permitted to

          _____.

        ☐ Increase the number of interrogatories (currently 25) permitted to

          _____.

        ☒ None.

**E.**     **PROTECTIVE ORDER**

☐  A protective order will be submitted to the Court on or before

_____.

☒  The parties currently do not anticipate the need for a protective order.  If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court.  Such order will comply with *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996) and its progeny.

**F.**     **SETTLEMENT**

A settlement demand ☒ has or ☐ has not been made.

A response to the demand ☒ has or ☐ has not been made.

A demand can be made by _____.

A response can be made by _____.

**G.**     **MOTION DEADLINES**

**1.**  Motion to amend the pleadings and/or add parties by  February 24, 2023 .

**2.**  Motions related to the pleadings by  March 3, 2023      .

**3.**  Dispositive motions by  November 27, 2023 .

**H.**     **OTHER MATTERS**

_____ None. _____

_____

_____

_____

Signatures:

/s/ Donald Smith, Jr.
_____
Authorization via email on 01/29/23

/s/ Aaron M. Glasgow

/s/ Caleb R. Fodor
_____

Attorney for Plaintiff(s)

Attorney for Defendant(s)

Pro se
_____

City of Hamilton, Ohio, *et al*.
_____

_____

_____

_____

_____

_____

_____

7